UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO.  05-23-DCR

DANNY RAY GOFF,                                                                    PETITIONER,

V.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**

JOHN MOTLEY, WARDEN,                                              RESPONDENT.

## I.  INTRODUCTION

Petitioner, Danny Ray Goff, a state prisoner currently incarcerated at the Eastern Kentucky Correctional Complex, West Liberty Kentucky, previously filed herein a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Record No. 1.)  On December 19, 1996, Petitioner was convicted of  two (2) counts of incest in Pike Circuit Court and sentenced to ten (10) years in prison on each count, to run consecutively.  (Id.) In his petition for habeas corpus, Petitioner attacks his conviction on four (4) grounds, each of which alleges the ineffective assistance of trial counsel.  (Id.)

Respondent has filed his answer (Record No. 8) and a memorandum in support (Record No. 9) with an attached appendix containing Petitioner's state court record. Petitioner did not file a response to Respondent's answer or memorandum in support. Accordingly, Petitioner's habeas corpus petition (Record No. 1) is now ripe for review.

Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).  For the reasons set forth below, it will be recommended that Petitioner's petition (Record No. 1) be denied and that this matter be dismissed with prejudice.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Factual Background

On October 26, 1995, Petitioner was indicted by the Pike County grand jury on two (2) counts of incest.  (Record No. 9, Appendix containing state court record, hereinafter App., p. 110.)  The indictment alleged, in relevant part, that Petitioner engaged in sexual intercourse with his minor step-daughter, A.B.  (Id.)  Petitioner entered a plea of not guilty, and the matter proceeded to trial on August 19, 1996.  (Id. at 110-111.)  The Pike Circuit court found Petitioner guilty on both counts and sentenced him to ten (10) years in prison on each count, to be served consecutively.  (Id. at 111.)  The conviction was affirmed on direct appeal to the Kentucky Supreme Court.  (Id.)

On April 30, 1999, Petitioner filed a pro se motion to vacate pursuant to Ky. R. Crim. P. 11.42.  (Id.)  Petitioner later received appointed counsel who filed supplemental pleadings to his Ky. R. Crim. P. 11.42 action.  (Id.)  On July 2, 2001, the trial court entered an order denying Petitioner's Ky. R. Crim. P. 11.42 motion.  (Id.)  Petitioner then filed a motion to reconsider, which was also denied.  (Id.)  The Kentucky Court of Appeals affirmed the denial of Petitioner's Ky. R. Crim. P. 11.42 motion (id. at 110-116); however, the Kentucky

Supreme Court vacated and remanded in light of its rulings in <u>Norton v. Commonwealth</u>, 63

S.W.3d 175 (Ky. 2002) and <u>Fraser v. Commonwealth</u>, 59 S.W.3d 448 (Ky. 2001).   On

remand, the Kentucky Court of Appeals affirmed the denial of Petitioner's Ky. R. Crim. P.

11.42 motion on November 7, 2003 (App. at 118-127); and the Kentucky Supreme Court

denied discretionary review on September 16, 2004 (<u>id.</u> at 128).

     <u>B.  Procedural History</u>

On January 27, 2005, Petitioner filed the instant petition for habeas corpus relief

pursuant to 28 U.S.C. § 2254 (Record No. 1), and a motion for leave to proceed <u>in forma</u>

<u>pauperis</u> (Record No. 2).  After Petitioner paid the appropriate filing fee (<u>see</u> Record No. 4),

the undersigned denied as moot Petitioner's motion for leave to proceed <u>in forma pauperis</u>

on February 22, 2005.  (Record No. 3.)  On March 23, 2005, Respondent filed an answer

(Record No. 8) and a memorandum of law in support (Record No. 9), with an appendix

containing the state court record.  Although Petitioner was afforded an opportunity to file

a reply to Respondent's answer (Record No. 10), he failed to do so.  Thus, fully briefed,

Petitioner's petition (Record No. 1) is now ripe for review.

III.  ANALYSIS

     <u>A.  Scope of Review</u>

In conducting habeas corpus review of state court convictions, a federal court is

limited to deciding whether a conviction violates the Constitution, laws, or treaties of the

United States.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).  "[F]ederal habeas corpus relief

3

does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68.  Accordingly, the proper inquiry herein is whether the alleged errors violated Petitioner's federal rights. Id.; 28 U.S.C. § § 2254(a), 2241(c)(3).

### B.  Exhaustion of State Remedies and Procedural Default

A state prisoner challenging the constitutionality of his conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must first exhaust his available state court remedies by presenting his claims to the state courts, so as to provide those courts with an opportunity to remedy any constitutional infirmities in his conviction. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); § 2254(b).  It is the Petitioner's burden to prove exhaustion. Rust, 17 F.3d at 160 (citing Darr v. Burford, 339 U.S. 200, 218-19 (1950)).  The exhaustion requirement is satisfied when the highest court in the state in which the Petitioner was convicted has been given a full and fair opportunity to rule on the Petitioner's claims. Id. In discussing when a claim is properly considered exhausted, the Sixth Circuit has instructed as follows:

> A petitioner must "fairly present" the substance of each of his federal constitutional claims to the state courts before the federal courts will address them.  A petitioner "fairly presents" his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. The factual and theoretical substance of a claim must be presented to the state courts to render it exhausted for federal habeas corpus purposes.

Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam) (citations and some

internal quotation marks omitted).  Additionally, as the Sixth Circuit explained in <u>Rust</u>:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction.  If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in state courts.

17 F.3d at 160.

A habeas petitioner will generally have procedurally defaulted on a federal constitutional claim in the state courts if he failed to comply with an independent and adequate state procedural rule, and thereby, barred federal courts from reviewing his federal claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991).  If a habeas petitioner can no longer present his claim to a state court because of such procedural default, he has waived the issue for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986), or make a showing that "failure to consider the claim will result in a fundamental miscarriage of justice," <u>Coleman</u>, 501 U.S. at 750, which amounts to making "a colorable showing of factual innocence." <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991).

C.  Standard of Review

Petitioner filed his petition herein on October 9, 2002.  (Record No. 1.)  The petition is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),  Pub. L. No. 104-132, Tit. I, § 101 (1996), which became effective on

April 24, 1996.  <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997) (AEDPA's provisions "generally

apply . . . to cases filed after the Act became effective").  AEDPA amended 28 U.S.C. §

2254(d), which now directs, in relevant part, that:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim –
> (1)  resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States . . .

28 U.S.C. § 2254(d).

In an attempt to clarify the above standard, the Supreme Court of the United States,

in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), directed as follows:

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may
> grant the writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may grant
> the writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

<u>Williams</u>, 529 U.S. at 412-413.  The Court also instructed that "[u]nder § 2254(d)(1)'s

'unreasonable application' clause . . . a federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the relevant state court

decision applied clearly established federal law <u>erroneously or incorrectly</u>.  Rather, that

application must also be <u>unreasonable</u>."  <u>Id.</u> (emphasis added).

Finally, to the extent that Petitioner is a <u>pro se</u> litigant, he is entitled to a liberal

6

construction of his pleadings and filings.  Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir.

1999).  It is well settled that "however inartfully pleaded" a pro se pleading may be, it is held

to "less stringent standards than formal pleadings drafted by lawyers." Franklin v. Rose, 765

F.2d 82, 84 (6th Cir. 1985).   "The appropriate liberal construction requires active

interpretation in some cases to construe a pro se petition 'to encompass any allegation stating

federal relief.'" Id. at 85; Boswell, 169 F.3d at 387.

> D.  Petitioner's Claims

Petitioner's petition for habeas corpus attacks his conviction on four (4) grounds, each

of which alleges the ineffective assistance of trial counsel.  (Record No. 1.)  Specifically,

Petitioner claims that his trial counsel was ineffective for the following: (1) failing to cross-

examine the victim's mother regarding potential motive for the victim to lie; (2) failing to

object to witness testimony that was hearsay, evidence of other crimes, and improper

bolstering; (3) failing to object to the playing of Brian Conn's prior testimony for the jury

where the retrial was for a different offense and charge; and (4) failing to obtain copies of

the interviews of the victim and failing to request a taint hearing prior to trial.  (Id.)


A petitioner asserting ineffective assistance of counsel must show not only that his

defense counsel's performance was highly deficient, but also that this deficient performance

prejudiced his defense.  Strickland v. Washington, 466 U.S. 668 (1984).  In order to satisfy

this requirement, the petitioner must first show "that counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  The standard for constitutionally adequate attorney performance is that of "reasonably effective assistance." Id.  Therefore, in order to prove ineffectiveness, a petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness. Id. at 688.  Then, to satisfy the prejudice prong of the two-part Strickland test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional performance, the results would have been different. Id. at 687.  Additionally, the court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690; accord Bigelow v. Williams, 367 F.3d 562, 570 (6th Cir. 2004).

### 1.  Failing To Cross-Examine Regarding Motive To Lie

As noted above, Petitioner argues that his counsel was ineffective for failing to cross-examine the victim's mother, Judy Lewis, regarding potential motive for the victim to lie. (Record No. 1.) Specifically, Petitioner contends that A.B. had motive to lie about the incest allegations based upon her recent discovery that Petitioner was not her biological father, contrary to what she had been told for most of her life.  (Id.)  Petitioner further suggests that Ms. Lewis also had motive to lie due to a purported dispute with Petitioner concerning $3,000.00.  (Id.)  Based on those assertions, Petitioner maintains that his counsel provided ineffective assistance by failing to effectively cross-examine Ms. Lewis concerning her

daughter's as well as her own motive to lie about the allegations of incest.  (Id.)

The undersigned initially notes that this claim may be properly reviewed on its merits in this court because it was first fairly presented to the appropriate Kentucky courts. Petitioner did so by presenting the factual and theoretical substance of this claim in his brief to the Kentucky Court of Appeals challenging the denial of his Ky. R. Crim. P. 11.42 motion.[1]  (App. at 54-60.)  This claim became properly exhausted when the Kentucky Supreme Court denied discretionary review of the denial of Petitioner's Ky. R. Crim. P. 11.42 motion.  (Id. at 128.)  Accordingly, having exhausted his available state remedies, Petitioner would be entitled to federal habeas relief on this claim only if the Kentucky courts' adjudication of said claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).

In this case, the Kentucky Court of Appeals noted that trial counsel's primary defense strategy was to attack the veracity of the Commonwealth's witnesses' statements.  (App. at 113.)  The appellate court stated that "[Petitioner] would have us conclude that counsel failed

---

[1] The undersigned notes that Petitioner's original Ky. R. Crim. P. 11.42 motion is not included in the court file.  However, there are several references to that motion both in other state court pleadings and in pleadings filed in the instant habeas proceeding.  Those references seem to indicate that Petitioner raised the same issues in his Ky. R. Crim. P. 11.42 motion as in his appeal of the denial of that motion so as to eliminate the possibility of non-exhaustion and/or procedural default.  Moreover, Respondent only contends that one claim raised herein has been procedurally defaulted and/or is non-exhausted.  That claim was not presented in his direct appeal or in the appeal of the denial of his Ky. R. Crim. P. 11.42 motion.  See Section III (D)(3).

9

to provide him the defense to which he was entitled by failing to cross-examine Lewis as to A.B.'s (and Lewis's) motivation to lie.  We cannot reach this conclusion."  (Id.)  The court further noted that "[w]hile it will always be the case that trial counsel could have pursued a different defense strategy at trial, or pursued a particular strategy in a different manner, the dispositive question is whether counsel's performance fell within the wide range of reasonable professional assistance.  (Id.) (citing Strickland, supra.)  To that end, the Kentucky Court of Appeals found no error in the trial court's conclusion that the performance of Petitioner's counsel fell within the wide range of professionally competent assistance.  (App. at 113.)  Finally, the appellate court noted that "[t]here is a strong presumption that counsel's performance was effective, and [Petitioner] has not overcome that presumption."  (Id.)

Because the Kentucky Court of Appeals applied the correct standard as set forth in Strickland, Petitioner must show that it was applied to the facts of his case in an objectively unreasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002) ("under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.") (citation omitted).

In this court, Petitioner has failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable manner.  Petitioner's habeas

corpus petition (Record No. 1) essentially provides a verbatim recitation of the claim he

presented to the Kentucky Court of Appeals in the appeal of his Ky. R. Crim. P. 11.42

motion.  (See App. at 54-60.)  While Petitioner reiterates his claim that his counsel provided

ineffective assistance by failing to cross-examine Ms. Lewis regarding a motivation to lie,

Petitioner points to no new information and provides very little in the way of additional

argument.  In fact, Petitioner does not even argue that the Kentucky appellate court applied

the wrong legal standard or that it applied the appropriate legal standard in an objectively

unreasonable manner.  Because Petitioner has not even raised an argument alleging the

unreasonable application of clearly established federal law, it is clear that Petitioner has,

therefore, failed to demonstrate that the Kentucky courts applied Strickland to the facts of

his case in an objectively unreasonable manner.

Accordingly, Petitioner has failed to show that the Kentucky courts' adjudication of

his ineffective assistance of counsel claim resulted in a decision that was contrary to, or

involved an unreasonable application of, the clearly established federal law as set out in

Strickland; he has not shown that the state court decision was so offensive to existing

precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the

universe of plausible, credible outcomes.  For these reasons, the undersigned recommends

that Petitioner's first claim of error be denied.

### 2.  Failing To Object To Witness Testimony

Petitioner's second claim of error is that his counsel provided ineffective assistance

by failing to object to witness testimony that was inadmissible hearsay, evidence of other crimes, and improper bolstering.  (Record No. 1.)  Petitioner argues that Ms. Lewis's testimony regarding A.B.'s statement that Petitioner was going to kill her [A.B.] was inadmissible hearsay.  Petitioner raises the same argument with regard to A.B.'s testimony concerning Petitioner possibly "bothering" her baby sister.  (Id.)  Petitioner contends that these statements "went directly to the ultimate issue to be decided by the jury and they had no relevancy otherwise."  (Id.)  Petitioner also suggests that statements concerning A.B.'s younger sister constituted evidence of other crimes.  Next, Petitioner states that Debbie Harris, the social worker who interviewed A.B. regarding the incest allegations against Petitioner, testified numerous times that A.B. was extremely upset and crying hysterically during her interview.  Petitioner argues that this testimony constituted improper bolstering and inadmissible hearsay.  Thus, Petitioner contends that his counsel was ineffective for failing to object to those statements.  (Id.)

The undersigned initially notes that this claim may be properly reviewed on its merits in this court because it was first fairly presented to the appropriate Kentucky courts. Petitioner did so by presenting the factual and theoretical substance of this claim in his brief to the Kentucky Court of Appeals challenging the denial of his Ky. R. Crim. P. 11.42 motion.  (App. at 60-68.)  This claim became properly exhausted when the Kentucky Supreme Court denied discretionary review of the denial of Petitioner's Ky. R. Crim. P. 11.42 motion.  (Id. at 128.)  Accordingly, having exhausted his available state remedies,

12

Petitioner would be entitled to federal habeas relief on this claim only if the Kentucky courts' adjudication of said claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).

In this case, the Kentucky Court of Appeals found no error on this issue.  (App. at 114.)  The appellate court noted that "counsel could have undertaken a different defense strategy at trial, called different witnesses, or made different objections to the proffered testimony.  The mere fact that counsel could have done these, however, does not by itself require a trial court to sustain a claim of ineffective assistance."  (Id.)  Moreover, the Court of Appeals stated that it "closely studied these claims of error, and cannot conclude that the trial court erred by declining to rely upon them as a basis for sustaining [Petitioner]'s motion for relief from judgment."  (App. at 115.)

As with Petitioner's first claim, because the Kentucky Court of Appeals applied the correct standard as set forth in Strickland, Petitioner must show that it was applied to the facts of his case in an objectively unreasonable manner.  See Bell, 535 U.S. at 699 (2002) ("under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.") (citation omitted).

In this court, Petitioner has failed to demonstrate that the Kentucky courts applied

Strickland to the facts of his case in an objectively unreasonable manner.  This claim, as presented in Petitioner's habeas corpus petition, is again an almost verbatim recitation of the claim presented in the appeal of his Ky. R. Crim. P. 11.42 motion.  (See App. at 60-68.) While Petitioner reiterates his argument that his counsel was ineffective for failing to object to testimony that he alleges was inadmissible hearsay, evidence of other crimes, and improper bolstering, Petitioner fails to submit any new information or raise any new arguments.  In fact, Petitioner does not even suggest that the Kentucky Court of Appeals applied the wrong legal standard or that it applied the appropriate legal standard in an objectively unreasonable manner.  Because Petitioner has not even raised an argument alleging the unreasonable application of clearly established federal law, it is clear that Petitioner has, therefore, failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable manner.

Accordingly, Petitioner has failed to show that the Kentucky courts' adjudication of his ineffective assistance of counsel claim resulted in a decision that was contrary to, or involved an unreasonable application of, the clearly established federal law as set out in Strickland; he has not shown that the state court decision was so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.  For these reasons, the undersigned recommends that Petitioner's second claim of error be denied.

### 3.  Failing To Object To The Playing Of Prior Videotaped Testimony

14

In his third claim of error, Petitioner argues that videotaped testimony of Brian Conn from a prior proceeding was improperly admitted at trial. (Record No. 1.) Petitioner asserts that Mr. Conn's prior testimony was inadmissible because Petitioner was on trial for a different charge. (Id.) Petitioner states that he was "originally indicted and tried on one count of Sodomy in the Third Degree and one count of Rape in the Third Degree." (Id.) After a hung jury, Petitioner was subsequently re-indicted and tried on two counts of incest. Mr. Conn could not be located to testify at Petitioner's second trial and was determined to be "unavailable" in terms of Confrontation Clause concerns. Thus, Petitioner contends that his counsel was ineffective for failing to object to the playing of Mr. Conn's videotaped testimony because it concerned a different charge than the one in the previous proceeding. (Id.)

This claim, however, was never presented to the Kentucky courts. A review of the Supreme Court of Kentucky's opinion denying Petitioner's direct appeal (App. at 39-43) as well as the multiple opinions issued by the Kentucky Court of Appeals affirming the denials of Petitioner's state collateral attacks (id. at 110-116; 118-127) reveals that this claim, which appears for the first time in Petitioner's federal habeas petition, was never fairly presented to the Kentucky courts. Therefore, this claim is not properly before this court.

As discussed above in Section III(B), a state prisoner challenging the constitutionality of his conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must first exhaust his available state court remedies by presenting his claims to the state courts, so as

to provide those courts with an opportunity to remedy any constitutional infirmities in his conviction. <u>Rust</u>, 17 F.3d at 160. The exhaustion rule, however, requires dismissal of a petition only when the prisoner still has a remedy available to pursue in the state courts. <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996). If a prisoner fails to present his claims to the state courts and he is barred from pursuing further relief in the state courts, his petition should not be dismissed on the basis of a lack of exhaustion because there are no remedies available for the prisoner to exhaust. <u>Rust</u>, 17 F.3d at 160. When a claim has not been previously exhausted in the state courts, but should have been raised in a prior state court collateral attack, that claim must be denied as unreviewable unless the prisoner can show that cause exists to excuse the failure to present the claim in state courts and actual prejudice to his defense. <u>Coleman</u>, 501 U.S. at 750; <u>Rust</u>, 17 F.3d at 160.

In this case, Petitioner has no available remedies remaining in the Kentucky courts. Petitioner did not raise this claim in his direct appeal, and he cannot file any additional motions for post-conviction relief. Under Kentucky law, a prisoner is allowed to file only one Ky. R. Crim. P. 11.42 motion, in which he is required to present any ground for challenging his conviction of which he is aware, or should be aware, during the period in which the remedy is available to him. <u>McQueen v. Commonwealth</u>, 948 S.W.2d 415, 416 (Ky. 1997). A prisoner will be barred from re-litigating issues in the Kentucky courts that could have been reasonably presented by direct appeal or Ky. R. Crim. P. 11.42 proceedings. <u>Id.</u> Because Petitioner in this case has no available remedies remaining in the Kentucky

16

courts, this court may address the merits of the instant claim presented in his federal habeas petition only if Petitioner shows cause for his failure to present it in state court and actual prejudice resulting therefrom. <u>Coleman</u>, 501 U.S. at 750; <u>Rust</u>, 17 F.3d at 160.

In his petition for habeas corpus, Petitioner does not suggest that there is any "cause" for his failure to present this claim. Moreover, as noted previously, Petitioner did not file a reply to the Respondent's answer. Thus, Petitioner has presented no argument whatsoever on the issue of "cause" for his failure to present this claim. Because Petitioner has not demonstrated any cause for his failure to present this issue to the Kentucky courts, this court may not now address the merits of this claim. Accordingly, the undersigned recommends that Petitioner's third claim be denied as a basis for habeas relief because it is not properly before this court.

### 4. Failing To Obtain Interview Transcripts And Request Taint Hearing

Petitioner's fourth and final claim of error is that his trial counsel provided ineffective assistance by failing to obtain copies of the videotaped interviews of A.B. and failing to request a "taint hearing" prior to trial. (Record No. 1.) Petitioner argues that his trial counsel was aware that Debbie Harris's interviews with A.B. were videotaped. (<u>Id.</u>) As such, Petitioner contends that his attorney "should have requested a 'taint' hearing prior to trial to determine the degree to which police, social workers, and mental health counselors may have unfairly and improperly influenced [A.B.]." (<u>Id.</u>) Petitioner contends that his counsel's failure to do those things constituted ineffective assistance of counsel. (<u>Id.</u>)

The undersigned initially notes that this claim may be properly reviewed on its merits in this court because it was first fairly presented to the appropriate Kentucky courts. Petitioner did so by presenting the factual and theoretical substance of this claim in his brief to the Kentucky Court of Appeals challenging the denial of his Ky. R. Crim. P. 11.42 motion.  (App. at 70-73.)  This claim became properly exhausted when the Kentucky Supreme Court denied discretionary review of the denial of Petitioner's Ky. R. Crim. P. 11.42 motion.  (Id. at 128.)  Accordingly, having exhausted his available state remedies, Petitioner would be entitled to federal habeas relief on this claim only if the Kentucky courts' adjudication of said claim "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).

In this case, the Kentucky Court of Appeals was "persuaded by the Commonwealth's argument on this issue that [Petitioner] has not articulated any factual basis upon which we much conclude that A.B.'s testimony was improperly influenced."  (App. at 115.)  The appellate court noted that Petitioner's inquiry (i.e., to have the tapes examined to determine if trial counsel was ineffective) "does not support a Strickland finding that counsel's performance fell below the objective standard of reasonableness and was so prejudicial as to deprive the defendant of a fair trial and a reasonable result."  (Id.)  Finally, the Kentucky Court of Appeals concluded that "while counsel could have used these tapes to impeach A.B.'s testimony or to show that her statements were tainted, there is no factual or legal basis

for concluding that he acted ineffectively for failing to do so."  (Id. at 116.)

Similar to Petitioner's first two claims herein, because the Kentucky Court of Appeals applied the correct standard as set forth in Strickland, Petitioner must show that it was applied to the facts of his case in an objectively unreasonable manner.  See Bell, 535 U.S. at 699 (2002) ("under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.  Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.") (citation omitted).

In this court, Petitioner has failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable manner.  This claim, as presented in Petitioner's habeas corpus petition, is again an almost verbatim recitation of the claim presented in the appeal of his Ky. R. Crim. P. 11.42 motion.  (See App. at 70-73.) While Petitioner reiterates his argument that his counsel was ineffective for failing to obtain copies of the videotaped interviews of A.B. and failing to request a taint hearing, Petitioner fails to submit any new information or raise any new arguments.  In fact, Petitioner does not even suggest that the Kentucky Court of Appeals applied the wrong legal standard or that it applied the appropriate legal standard in an objectively unreasonable manner.  Because Petitioner has not even raised an argument alleging the unreasonable application of clearly established federal law, it is clear that Petitioner has, therefore, failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable

manner.

Accordingly, Petitioner has failed to show that the Kentucky courts' adjudication of his ineffective assistance of counsel claim resulted in a decision that was contrary to, or involved an unreasonable application of, the clearly established federal law as set out in Strickland; he has not shown that the state court decision was so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes. For these reasons, the undersigned recommends that Petitioner's fourth claim of error be denied.

## IV. CONCLUSION

Accordingly, and for the reasons provided above, it is hereby recommended that Petitioner's petition for the writ of habeas corpus (Record No. 1) be denied and that this action be dismissed with prejudice and stricken from the docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed September 1, 2005.



**Signed By:**

**_Peggy E. Patterson_** PEP

**United States Magistate Judge**

Date of Entry and Service: