UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DANNY RAY GOFF, | ) | |
|     Cline, | ) | Civil Action No. 7: 05-23-DCR |
| V. | ) | |
| JOHN MOTLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 19, 1996, Petitioner Danny Ray Goff was convicted of two counts of incest involving intercourse with his minor step-daughter. Goff was sentenced to a term of ten years of imprisonment on each count to run consecutively. The petitioner was unsuccessful in having his conviction set aside on direct appeal or collaterally under Rule 11.42 of the Kentucky Rules of Criminal Procedure. On January 27, 2005, Goff filed the present action for habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to local practice, the matter was referred to United States Magistrate Judge Peggy E. Patterson for the preparation of a Report and Recommendation (R&R) pursuant to 28 U.S.C. §636(b)(1)(B).

Following review, United States Magistrate Judge Peggy Patterson recommended that Goff's present petition should be denied and that the action should be dismissed. Goff filed objections to this R&R on September 19, 2005. Having reviewed Goff's objections, the Court concludes that the Magistrate Judge's recommendations should be adopted and that the relief requested in this action should be denied.

## I.   BACKGROUND

Goff was indicted by a Pike County Grand Jury for allegedly engaging in sexual intercourse with his minor step-daughter. Following trial, a jury convicted Goff of both counts charged in the indictment. He was then sentenced to ten (10) years imprisonment on each count, to be served consecutively. [Record No. 9, appendix at p. 111] This sentence was affirmed by the Kentucky Supreme Court on direct appeal. Thereafter, Goff moved to vacate the sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. After the Kentucky Court of Appeals denied Goff's request for relief, the Kentucky Supreme Court vacated and remanded that determination so the lower appellate court could reconsider the issues raised in light of *Norton v. Commonwealth*, 63 S.W.3d 175 (Ky. 2002), and *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001). Following this review, the court of appeals again affirmed the denial of Goff's Rule 11.42 motion. On September 16, 2004, the Kentucky Supreme Court denied discretionary review.

## II.   ISSUES

Goff alleges that habeas relief is appropriate for four reasons which are grounded on claims of ineffective assistance of counsel. More specifically, he claims that his trial counsel failed to: (1) cross-examine the victim's mother regarding potential motive for the victim to lie; (2) object to testimony which was hearsay, evidence of other crimes, and improper bolstering; (3) object to the playing of a witness's prior testimony where the re-trial involved a different offense and charge; and (4) obtain copies of victim interviews and request a taint hearing prior to trial.

### III. STANDARD OF REVIEW

The standard of review to be applied in this action is not in dispute. As the Magistrate Judge correctly notes, in conducting habeas corpus review of a state conviction, the federal court is limited in deciding whether the conviction violates the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, this Court may not grant relief based upon alleged errors pertaining to questions of state law. In addition, a state prisoner must first exhaust all available state court remedies before proceeding in federal court. This requirement is satisfied when the state's highest court in the state in which the Petitioner was convicted is given a full and fair opportunity to rule on the Petitioner's claims. *Hanna v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Failure to comply with this rule will result in procedural default and will bar the Petitioner from asserting the claim in federal court as a grounds for relief unless he can establish that a fundamental miscarriage of justice will result. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

Where, as here, a petitioner asserts ineffective assistance of counsel, he must show both that his counsel's performance was highly deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In order to satisfy the standard for constitutionally adequate performance, the attorney must provide "reasonably effective assistance." *Id.* Further, to prove ineffectiveness, a petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. A

Petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Id.* at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

### IV.   LEGAL ANALYSIS

#### A.   Failure to Cross-Examine Victim's Mother re: Motive to Lie

Goff claims that the victim's mother had a motive to lie which was not explored by his counsel during cross-examination. More specifically, he asserts that the witness, Judy Lewis, determined prior to the events in issue that Goff was not her biological father and that he and Ms. Lewis were involved in a dispute concerning $3,000.00. This claim was presented to the state courts and, therefore, is not subject to procedural default. Thus, the question becomes whether the state courts' adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

As the Magistrate Judge noted in addressing this argument, the primary defense strategy during trial was to attack the veracity of the prosecution's witness' statements. However, applying *Strickland*, *supra*, the Kentucky Court of appeals determined that counsel was not ineffective for pursuing a strategy which, with hindsight, is not as effective as another might have been or by pursuing a strategy in a different manner. Instead, the dispositive question is

whether counsel's performance fell within a wide range of reasonable professional assistance. Under the facts presented here, no such error occurred. As the Magistrate Judge noted:

> In this Court, Petitioner has failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable manner. Petitioner's habeas corpus petition (Record No. 1) essentially provides a verbatim recitation of the claim he presented to the Kentucky Court of Appeals in the appeal of his Ky. R. Crim. P. 11.42 motion. (See App. At 54-60.) While Petitioner reiterates his claim that his counsel provided ineffective assistance by failing to cross-examine Ms. Lewis regarding a motive to lie, Petitioner points to no new information and provides very little in the way of additional argument. . . . Because Petitioner has not even raised an argument alleging the unreasonable application of clearly established federal law, it is clear that Petitioner has, therefore, failed to demonstrate that the Kentucky courts applied Strickland to the facts of his case in an objectively unreasonable manner.

[Record No. 12, p. 10-11] Having reviewed the file of this action, the undersigned agrees with the Magistrate Judge's assessment of this issue.

### B. Failure to Object to Witness Testimony

Goff also argues that his counsel's performance was ineffective because his attorney failed to object to testimony that was inadmissible hearsay and constituted evidence of other crimes and improper bolstering. As the Magistrate Judge correctly concluded, the Petitioner presented this issue to the Kentucky courts and the claim was properly exhausted. Therefore, this Court may now review it. Relief may be granted, however, only if the Kentucky courts' adjudication of this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d). As with the Petitioner's first claim or error, this issue presents a question of trial strategy. Further, Goff has failed to demonstrate that the state court's application of *Strickland* was improper. Thus, he has failed to meet his burden in this §2254 action.

### C. Failure to Object to Videotape Testimony

Next, Goff asserts that his counsel was ineffective because he failed to object to the playing of the videotaped testimony of Brian Conn taken in an earlier proceeding concerning different charges. Unlike his earlier assignments of error, this claim was not presented to the Kentucky courts. Therefore, it is subject to procedural default and may not be asserted in this action. Goff's failure may not be excused under the "cause and actual prejudice" exception because he has failed to demonstrate grounds for application of the exception here.

### D. Failure to Obtain Interview Transcripts and Request Taint Hearing

Finally, Goff asserts that his trial counsel was ineffective because he failed to obtain copies of videotaped interviews of the victim and failed to request a "taint" hearing prior to trial. This claim was properly exhausted in the state courts and may be raised in this proceeding. However, as the Magistrate Judge correctly concluded, Goff has failed to offer any factual support to indicate that the victim's testimony was improperly influenced. Further, he has failed to establish that Strickland was improperly applied by the Kentucky court on review of the issue.

Accordingly, having reviewed the Magistrate Judge's Report and Recommendation filed herein on September 1, 2005, together with the objections filed by Goff on September 19, 2005, it is **ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 12] is **ADOPTED** and **INCORPORATED** by reference.

2. The Petitioner's objections [Record No. 13] to the United States Magistrate Judge's Report and Recommendation are **DENIED**.

2. Petitioner's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

3. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right.

This 3rd day of October, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge